UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| MCGIP LLC,<br><br>　　　　Plaintiff,<br>　v.<br>DOES 1-21,<br>　　　　Defendant.<br>_____/ | No. C 11-01783 LB<br><br>**ORDER GRANTING PLAINTIFF'S** ***EX PARTE*** **MOTION FOR EXPEDITED DISCOVERY**<br><br>**[ECF No. 6]** |

## I.  INTRODUCTION

Plaintiff MCGIP, LLC asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* and for civil conspiracy. Complaint, ECF No. 1. It seeks permission to take limited, expedited discovery to identify and name the Doe defendants in this case. *Ex Parte* Motion for Expedited Discovery, ECF No. 6. In its motion, MCGIP requests that the court allow it to serve subpoenas on certain Internet Service Providers ("ISPs") to obtain information identifying the Doe defendants so that it can complete service of process on them. *Id.* at 4.

As discussed below, MCGIP has demonstrated that: (1) the Doe defendants are real people who may be sued in federal court; (2) it has unsuccessfully attempted to identify the Doe defendants prior to filing this motion; (3) its infringement and civil conspiracy claims against the Doe defendants could survive a motion to dismiss; and (4) there is a reasonable likelihood that service of the proposed subpoenas on the ISPs will lead to information identifying the Doe defendants. The court therefore finds that good cause exists to allow MCGIP to engage in this preliminary discovery.

1  Accordingly, the court **GRANTS** MCGIP's motion.

## II.   BACKGROUND

MCGIP is a Minnesota-based company that is the exclusive licensee for the reproduction and distribution rights for "Karups-Terezie," a copyrighted file.  Complaint, ECF No. 1 at 2-3, ¶ 5, 4, ¶ 6.  A copyright application for this work is currently pending.  *Id.* at 6, ¶ 20.  According to MCGIP, the Doe defendants, without its permission, reproduced and distributed "Karups-Terezie" to numerous third parties through a peer-to-peer file sharing network.  *Id.* at 7, ¶ 23.  MCGIP alleges that reproduction and distribution of this work violated the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, thereby causing it economic and reputation damages.  *Id.* at 8, ¶ 29.  It also claims that the Doe defendants participated in a common-plan civil conspiracy to unlawfully reproduce and distribute the work, which caused economic and reputation damage to MCGIP.  *Id.* at 8-9, ¶¶ 32-39.

Because the peer-to-peer file sharing network that the Doe defendants utilized is partially anonymous, MCGIP does not know the defendants' names and addresses, and, as a result, is unable to complete service of process on them.  Motion, ECF No. 6 at 4.  However, it has been able to identify the Internet Protocol ("IP") assigned to each of the Doe defendants and the date and time that each defendant allegedly infringed on MCGIP's copyrighted work.  *Id.*; Complaint, ECF No. 1-1 at 2, Exh. A.  Additionally, MCGIP has identified the Internet Service Provider ("ISP") for each of the IP addresses.  Motion, ECF No. 6 at 5.  MCGIP therefore requests that, pursuant to Federal Rule of Civil Procedure 26(d), the court grant it leave to serve a Rule 45 third-party subpoena on each ISP listed in Exhibit A of the complaint that assigned an IP addresses to the Doe defendants so that it may obtain the names and contact information of the Doe defendants to effect service of process on them.  *Id.* at 14-15.

## III.   DISCUSSION

**A.  Legal Standard for Leave to Take Early Discovery**

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice.  Fed. R. Civ. P. 26(d).  Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct.

1   15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-277 (N.D. Cal.
2   2002); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2
3   (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14
4   (D. Ariz. 2001) (collecting cases and standards).

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**B. Plaintiff Has Shown Good Cause**

Here, MCGIP has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants.

First, MCGIP has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleges the particular defendant engaged in the infringing conduct. *See* Exh. A, ECF No. 1-1 at 2; Hansmeier Decl., ECF No. 6-1 at 5-8, ¶¶ 12-20.

Second, MCGIP has adequately described the steps it took to locate and identify the Doe defendants. Specifically, it investigated and collected data on unauthorized distribution of copies of "Karups-Terezie" on BitTorrent-based peer-to-peer networks. Hansmeier Decl., ECF No. 6-1 at 5-8, ¶¶ 12-20. The data that MCGIP gathered, separated out by Doe defendant, is listed in Exhibit A to the complaint and includes each defendant's IP address, the ISP that assigned that IP address, and the date and time the defendant infringed on its copyrighted work. Exh. A, ECF No. 1-1. at 2.

1  However, MCGIP has been unable to further identify the Doe defendants.

2  Third, MCGIP has pled the essential elements to state a claim for copyright infringement and a
3  claim for civil conspiracy against the Doe defendants. Complaint, ECF No. 1 at 6-9, ¶¶ 18-39.

4  Fourth, MCGIP has demonstrated that the proposed subpoena seeks information likely to lead to
5  identifying information that will allow it to effect service of process on the Doe defendants.
6  Specifically, the proposed subpoena requests that each ISP produce information sufficient to identify
7  the Doe defendant who subscribed to its service, including the defendant's name, address, telephone
8  number, email address, and media access control address. Motion, ECF No. 6 at 15.

9  Taken together, the court finds that the foregoing factors demonstrate good cause exists to grant
10 MCGIP leave to conduct early discovery to identify the Doe defendants. *See Semitool*, 208 F.R.D.
11 at 276. Further, the court finds that early discovery furthers the interests of justice and poses little, if
12 any, inconvenience to the subpoena recipients. Permitting MCGIP to engage in this limited, early
13 discovery is therefore consistent with Rule 26(d).

14 If MCGIP identifies new entities that it believes possess similarly discoverable information, it
15 may submit a declaration detailing the four requirements discussed above along with a proposed
16 order mimicking the language in the following section.

### IV.  CONCLUSION

18 For the reasons stated above, the court **GRANTS** MCGIP's *Ex Parte* Motion for Expedited
19 Discovery as follows.

20 1. **IT IS HEREBY ORDERED** that Plaintiff may immediately serve Rule 45 subpoenas on the
21 Internet Service Providers (ISPs) listed in Exhibit A to the Complaint to obtain information to
22 identify each Doe Defendant, including the name, address, telephone numbers, email addresses, and
23 media access control addresses. Each subpoena shall have a copy of this Order attached.

24 2. **IT IS FURTHER ORDERED** that the ISPs will have 30 days from the date of service upon
25 them to serve the subscribers of the IP addresses with a copy of the subpoena and a copy of this
26 order. The ISPs may serve the subscribers using any reasonable means, including written notice sent
27 to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

28 3. **IT IS FURTHER ORDERED** that subscribers shall have 30 days from the date of service

upon them to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If that 30-day period lapses without a subscriber contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

4. **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5. **IT IS FURTHER ORDERED** that any ISP that receives a subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena.  Any ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such ISP.

6. **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7. **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

This terminates ECF No. 6.

**IT IS SO ORDERED.**

Dated: April 19, 2011

_____
LAUREL BEELER
United States Magistrate Judge