Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| MCGIP, LLC, | ) | **No. C-11-01783 LB** |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S MOTION FOR** |
| v. | ) | **ADMINISTRATIVE RELIEF FOR LEAVE** |
| | ) | **TO CONTINUE INITIAL CASE** |
| DOES 1-21, | ) | **MANAGEMENT CONFERENCE** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELEIF FOR LEAVE TO CONTINUE
INITIAL CASE MANAGEMENT CONFERENCE**

Plaintiff MCGIP, LLC, by and through its undersigned counsel, and pursuant to Northern

District of California Local Rule (hereinafter "L.R.") 7-11, hereby moves this Court for

administrative relief for an order continuing the initial case management conference for good cause.

At this point in the litigation, Plaintiff has issued Court authorized subpoenas to Internet Service

Providers (hereinafter "ISPs") to identify, and later serve, the Doe Defendants in this suit.  As of

now, the ISPs are still in the process of gathering all the information requested in the subpoenas, and

have not provided Plaintiff with any definitive time table within which all of the remaining

identifying information will be obtained, and/or turned over to Plaintiff.  At this point, therefore,

Plaintiff cannot properly identify all of the Doe Defendants in this suit.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For reasons more fully explained below, and in the Exhibit A attached hereto, "Declaration of Brett L. Gibbs in Support of Application for a Continuance" (hereinafter "Gibbs Decl."), Plaintiff respectfully requests that this Court continue the Initial Case Management Conference (hereinafter "ICMC") to **Thursday, December 8, 2011, at 10:30 a.m. on the 3rd Floor in Courtroom 4 of the Oakland Federal Court**, or to a later date that is in accordance with this Court's schedule.  This continuance should allow all of the ISPs to gather and distribute to Plaintiff the information required by the subpoenas, and would likely allow Plaintiff to evaluate whether each Doe Defendant should be named – and therefore served – in this suit.

## BACKGROUND

On April 12, 2011, Plaintiff filed this lawsuit alleging copyright infringement and conspiracy against Doe Defendants (DKT#1).  The Clerk's Office scheduled the ICMC for September 1, 2011 (DKT#3). The deadline to "meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan," and submit ADR documents, was set for August 11, 2011 (*Id.*).  On April 15, 2011, Plaintiff filed its *Ex Parte* Motion For Expedited Discovery (DKT#6) with supporting exhibits.

On April 19, 2011, this Court granted Plaintiff's *Ex Parte* Application (DKT#8), which allowed Plaintiff to issue the subpoenas necessary to identify Doe Defendants, and also provided an extended time schedule for all ISPs to provide such information and for any Doe Defendant to file any motions contesting the subpoena, including motions to quash the subpoena issued to the ISPs. Over the days following the Court's April 19, 2011 Order (DKT#8), the subpoenas were served on the ISPs (*See* Gibbs Decl. ¶ 2).  On August 10, 2011, as the result of receiving identifying information from an ISP, Plaintiff recently filed its Notice of Voluntary Dismissal with Prejudice as to Certain Anonymous Doe Defendants (DKT#9, hereinafter "Voluntary Dismissal"), and thereby

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE INITIAL CMC      No. C-11-01783 LB

1   dismissed Doe Defendants 1-3 associated with IP Addresses listed on Exhibit A of the Complaint

2   (DKT#1 at 13).

3                                         **DISCUSSION**

4

5       Given the circumstances, Plaintiff has one simple, yet cogent reason for requesting a

6   continuation of the scheduled ICMC.  At this time, the ISPs have yet to identify to Plaintiff all Doe

7   Defendants in this suit.  Though the subpoenas went out, not all names have returned.  While the

8   Court's Order (DKT#8), which allowed Doe Defendants ample due process rights, might be

9   contributing to part of the current delay, much of this can be simply chalked up to how the ISPs

10  bureaucratically process these types of requests.  While the ISPs ultimately get the job done, they

11  can be slow in doing so.

12      As the Court is aware, without the named Defendants, the ICMC is a waste of Plaintiff's and

13  the Court's time. Though the prospect is highly unlikely, even if all the names were to be in

14  Plaintiff's attorney's possession tomorrow, contacting these individuals, serving them, and naming

15  to this suit would realistically take at least a couple of months.  Plaintiff and Defendants would not

16  have time to comply with the Order Setting ICMC deadlines (DKT#3), and definitely would not be

17  able to "meet and confer" by August 11, 2011. Plaintiff respectfully brings this motion to request

18  more time to get the information necessary to meaningfully participate in the future ICMC.

19      L.R. 16-2(d), entitled, "Relief from Case Management Schedule," reads, in part, as follows:

20

21      By serving and filing a motion with the assigned judge pursuant to Civil L.R. 7, a
        party, … may seek relief from an obligation imposed by FRCivP 16 or 26 or the
22      *Order Setting Initial Case Management Conference*.  The motion must:
            (1) Describe the *circumstances which support the request*;
23          (2) Affirm that counsel for the moving party has conferred with all other
                counsel to reach agreement about the matter and, for each other *party*,
24              report whether that party supports or opposes the request for relief;
            (3) Be accompanied by proposed revised case management schedule…
25

26  (emphasis added).

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

At this point, most ISPs in this case have sent out letters to the relevant subscribers attached to the IP Addresses listed on Exhibit A of the Complaint (DKT#1 at 13-15), but the ISPs have not delivered all of the requested subscriber information to Plaintiff as required by the subpoenas (Gibbs Decl. ¶ 3).   This process understandably takes time.  Plaintiff is patiently waiting for the ISPs to release the information, but has no power to force their collective hands beyond the subpoenas. While some ISPs have fully complied with the Court's Order – as is evidenced by Plaintiff's recent Voluntary Dismissal – others are working slowly to get Plaintiff the indentifying information desired (Gibbs Decl. ¶ 4).  Plaintiff, by and through its attorneys, is working with these ISPs to make this process as efficient and problem-free as possible (Gibbs Decl. ¶ 5).  Plaintiff projects that it will take at least a few more weeks to get sufficient identifying information from the remaining ISPs (Gibbs Decl. ¶ 6).  Should Plaintiff, or its attorneys, run into any major, and unjustified, resistance or delays, Plaintiff, by and through its attorneys, will notify the Court of such and initiate alternative tactics to ensure that the ISPs are abiding by the Court's Order (DKT#8) including, but not limited to, Motions to Compel the requested information (Gibbs Decl. ¶ 7).

Put plainly, at this juncture, the line items listed on the Court's Order Setting Initial Case Management Conference and ADR Deadlines (DKT#3) would be entirely one-sided: Plaintiff would be meeting, alternatively disputing, and conferencing with itself.  This would be a waste of Plaintiff's and the Court's valuable time and resources.

//

//

//

//

//

//

4

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE INITIAL CMC      No. C-11-01783 LB

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court continue the ICMC from September 1, 2011, to **Thursday, December 8, 2011, at 10:30 a.m. on the 3rd Floor in Courtroom 4 of the Oakland Federal Court**, or to a later date that is in accordance with this Court's schedule.

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: August 11, 2011**

By:      \_\_\_\_/s/  Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE INITIAL CMC      No. C-11-01783 LB

1

**<u>CERTIFICATE OF SERVICE</u>**

2

The undersigned hereby certifies that on August 11, 2011, all individuals of record who are deemed

3

to have consented to electronic service are being served a true and correct copy of the foregoing
document, and all attachments and related documents, using the Court's ECF system, in compliance

4

with Local Rule 5-6 and General Order 45.

5

6

/s/  Brett L. Gibbs_____
Brett L. Gibbs, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE INITIAL CMC       No. C-11-01783 LB